1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED FOOD AND COMMERCIAL
WORKERS, LOCAL 21,

        Plaintiff,

    v.

MULTICARE HEALTH SYSTEM,

        Defendant.

Case No.  C10-1646RSL

ORDER GRANTING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT AND
DENYING PLAINTIFF'S MOTION
TO COMPEL ARBITRATION

## I.  INTRODUCTION

This matter comes before the Court on a motion for summary judgment filed by

plaintiff United Food and Commercial Workers, Local 21 (the "Union") to compel

arbitration of its grievance against the employer, MultiCare Health System ("MultiCare")

and on MultiCare's motion for an order stating that the dispute is not substantively

arbitrable.  The parties agree that the subject matter of the grievance is covered by their

collective bargaining agreements.  The only disputes are: (1) whether the Court or an

arbitrator should determine whether the grievance can be resolved in a single,

ORDER - 1

consolidated arbitration, and (2) if the Court decides the issue, whether it can order

consolidated arbitration.

For the reasons set forth below, the Court grants defendant's motion for summary

judgment and denies plaintiff's motion to compel arbitration.

## II.  DISCUSSION

**A.    Background Facts.**

MultiCare is a not-for-profit healthcare organization that serves the Southern Puget

Sound region.  It includes four hospitals and numerous other healthcare centers and

clinics.  The Union represents eight collective bargaining units at MultiCare, and it has

negotiated a separate collective bargaining agreement ("CBA" or "contract") on behalf of

each bargaining unit.

In July 2009, defendant announced it was changing its policy regarding employee

furloughs.  In the past, it had paid employees who were furloughed due to infectious

conditions.  Under the new policy, employees furloughed due to infectious conditions

would be required to use their accrued paid time off.  On July 14, 2009, the Union filed a

Step 1 grievance over the issue.  The grievance alleged that the issue involved a

mandatory subject of bargaining and stated, "The Employer has violated the recognition

clause of all UFCW Local 21 Collective Bargaining Agreements by the announcement of

discontinuing MHS practice of paying employees furloughed by Employee Health or

Infection Control due to infectious conditions."  Declaration of Pam Blauman, (Dkt. #12),

Ex. B.  When the parties were unable to resolve the matter through the grievance process,

the Union submitted it for arbitration.

ORDER - 2

**B.     Analysis.**

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, the records show that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

As an initial matter, plaintiff argues that defendant orally agreed to submit this dispute to a single arbitrator. Because defendant has denied that assertion and the evidence is conflicting, the matter cannot be resolved by these motions for summary judgment. The Court therefore considers the issues regardless of any such oral agreement.

The Court must determine whether the parties intended to arbitrate this dispute. The Court makes the determination by applying the "federal substantive law of arbitrability" with "a healthy regard for the federal policy favoring arbitration." Mitsubishi Motors Corp. v. Soler Chrysler Plymouth, Inc., 473 U.S. 614, 626 (1985) (explaining that "as with any other contract, the parties' intentions control, but those intentions are generously construed as to issues of arbitrability"). "'[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.'" Id. (quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983)). The standard for a finding of arbitrability is "not high." See Simula, Inc. v.

ORDER - 3

Autoliv, Inc., 175 F.3d 719, 721 (9th Cir. 1999) (explaining that to require arbitration, plaintiff's "factual allegations need only 'touch matters' covered by the contract containing the arbitration clause and all doubts are to be resolved in favor of arbitrability").

In general, issues of arbitrability are for the courts, while procedural issues are left to arbitrators. See, e.g., First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995). The Supreme Court has explained that "questions of arbitrability" include "the kind of narrow circumstance where contracting parties would likely have expected a court to have decided the gateway matter, where they are not likely to have thought that they had agreed that an arbitrator would do so, and consequently, where reference to the gateway dispute to the court avoids the risk of forcing parties to arbitrate a matter that they may well not have agreed to arbitrate." Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 83-84 (2002). The *Howsam* court provided two examples of such "gateway disputes" that should be decided by a court: (1) a dispute regarding "whether the parties are bound by a given arbitration clause" and (2) "a disagreement about whether an arbitration clause in a concededly binding contract applies to a particular type of controversy." Id. at 84. The Court further explained that "'procedural questions that grow out of the dispute and bear on its final disposition' are presumptively not for the judge, but for an arbitrator, to decide." Id. (quoting John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 557 (1964)). In this case, the issue does not involve whether the parties are bound by the arbitration clauses. Undisputedly, they are. Nor does it involve the issue of whether the arbitration clauses cover the policies at issue, which they

ORDER - 4

do.  Rather, the issue relates to how the arbitration will be conducted.  However, not all issues about the conduct of arbitrations are "procedural."  In the Supreme Court's recent decision *Stolt-Nielsen S.A. v. AnimalFeeds Internat'l Corp.*, __ U.S. __, 130 S. Ct. 1758 (2010), the Supreme Court held that imposing class arbitration on parties who had not agreed to it was inconsistent with the Federal Arbitration Act, ("FAA"), 9 U.S.C. § 1 *et seq.*  In this case, although the parties to the CBAs, the Union and MultiCare, agreed to arbitrate certain issues regarding pay and leave, the contracts do not reflect an intent to conduct a single arbitration on behalf of all bargaining units.  None of the contracts refers to consolidating grievances.  Moreover, the contracts' arbitration provisions are different.  Most notably, two of the contracts provide that the arbitrator will be selected from a panel of arbitrators named in the contract or its attachment.  The arbitrator who will decide the dispute is the next in line in the panel.  That procedure cannot be reconciled with the procedure used in the other six contracts, whereby the arbitrator will be chosen from a list of seven or eleven potential arbitrators provided by the Federal Mediation and Conciliation Service.  The fact that the selection procedures are different further undermines an argument that the parties intended consolidated arbitration.  Moreover, if a single arbitrator were selected to determine this issue, that arbitrator would necessarily exceed the scope of his or her authority by deciding the issue under contracts that did not provide for his or her appointment.

Although the Ninth Circuit has not addressed whether consolidation is a procedural issues, the Union notes that two other circuits have concluded that it is. Employers Ins. Co. of Wausau v. Century Indem. Co., 443 F.3d 573, 578 (7th Cir. 2006)

ORDER - 5

(holding that the issue of whether issues under two agreements between the parties should be consolidated was for the arbitrator); <u>Shaw's Supermarkets, Inc. v. United Food and Commercial Workers Union, Local 791</u>, 321 F.3d 251 (2003) (holding that consolidation of a dispute under three collective bargaining agreements was an issue for the arbitrator). Neither case, however, appears to have involved contracts with conflicting procedures for choosing an arbitrator.  Moreover, both cases were decided prior to *Stolt-Nielsen* and focused on the *absence* of evidence that the parties disfavored consolidated arbitration. The *Stolt-Nielsen* Court, however, held that the absence of such evidence was insufficient to establish that the parties agreed to authorize class arbitration.  <u>Stolt-Nielsen</u>, 130 S. Ct at 1776.  In this way, the *Stolt-Nielsen* decision is consistent with prior Supreme Court authority counseling that courts, not arbitrators, should decide certain gateway issues to avoid forcing the parties to arbitrate issues they did not agree to arbitrate.  <u>Howsam</u>, 537 U.S. at 83-84.  For all of those reasons, the Court concludes that the issue of consolidation is one for the Court, not for the arbitrators.

Having so found, the Court considers whether to order consolidation.  The Court declines to do so because the parties did not agree to it.  That holding is also consistent with Ninth Circuit precedent.  In *Weyerhaeuser Co. v. Western Seas Shipping Co.*, 743 F.2d 635 (9th Cir. 1984), the court affirmed a district court decision denying consolidated arbitration because the parties did not agree to it.  The outcome in this case should be no different.

## III.  CONCLUSION

For all of the foregoing reasons, the Court GRANTS defendant's motion for

ORDER - 6

summary judgment (Dkt. #9) and DENIES plaintiff's motion for summary judgment

compelling arbitration (Dkt. #11).


DATED this 3rd day of March, 2011.


Robert S. Lasnik
United States District Judge

ORDER - 7